| | | |
|---|---|---|
| **JAMES T. STROUD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **GASTON COUNTY, et al.,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of plaintiff's Notice of Appeal from a magistrate's judge's non-dispositive Order denying plaintiff's Application to Proceed *In Forma Pauperis*.  Here, the magistrate judge reviewed plaintiff's Affidavit filed in support of his application and determined that plaintiff received in excess of $2,000.00 per month in Social Security retirement benefits, had some cash on hand, and owned a car worth over $10,000.00.  After denying the request, the magistrate judge allowed plaintiff 14 days within which to pay the filing fee.

The district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, such as an Order disallowing a request to proceed *in forma pauperis*, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law.  Fed.R.Civ.P. 72(a).  To show that a magistrate judge's order is contrary to law, the objecting party must show that the magistrate judge failed to apply or misapplied

statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y.2002). The court has carefully reviewed the Order as well as the objection, and has determined that the Order of the magistrate judge is fully consistent with and supported by current law.

Further, in an abundance of caution the court has also conducted a *de novo* review of plaintiff's application and has likewise determined that plaintiff has the financial ability to pay the required filing fee and the costs associated with effectuating service.[1] While plaintiff has averred to monthly expenses that nearly match his income, balancing expenses, curtailing expenditures, and deciding what expenses are worthy of finite resources is something all households must do. Here, plaintiff's income is more than double that of the government-established poverty level for a household of one person. http://aspe.hhs.gov/poverty/12poverty.shtml. Indeed, it appears that plaintiff has no dependents other than himself who rely on his retirement income. Finally, review of the affidavit in conjunction the Complaint reveals that plaintiff was, until his retirement, a practicing attorney.

As did the magistrate judge, this court cannot conclude that plaintiff is in any manner a "pauper" as that term is contemplated by the statute. Based on such determination, the court will overrule the objection and fully affirm the Order.

Plaintiff will be allowed additional time to pay the filing fee inasmuch as the timing of the previous Order may have caught plaintiff off guard as Social Security

---

1    The court notes that plaintiff also has the ability to do so as it appears that he has recently retired from the practice of law in North Carolina.

retirement direct deposits are typically transmitted at the beginning of the month.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Notice of Appeal (#4), considered to be an Objection, is **OVERRULED,** and the Order (#3) is **AFFIRMED.** Plaintiff shall have until February 14, 2014, to pay the required filing fee. Plaintiff is cautioned that failure to pay the required filing fee by that date will result in dismissal of this action.

Signed: January 10, 2014

Max O. Cogburn Jr.
United States District Judge