UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00684-MOC-DSC

| | | |
|---|---|---|
| **JAMES T. STROUD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **GASTON COUNTY** | ) | |
| **ALAN CLONINGER** | ) | |
| **R. CAUTHRAN** | ) | |
| **JOHN DOE 1-3** | ) | |
| **FNU BALLARD** | ) | |
| **CAROLINA CORRECTIONAL HEALTH** | ) | |
| **FNU DUNCAN** | ) | |
| **JANE DOE** | ) | |
| **S. WILKINSON** | ) | |
| **FNU GANTT** | ) | |
| **FNU TIGNOR** | ) | |
| **FNU CAMPBELL,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge recommended granting defendants' Motion to Dismiss and advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed. In the Memorandum and Recommendation, Judge Cayer recommends as follows:

> The Court has carefully reviewed Defendants' Motion and supporting brief, the record, and the authorities. For the reasons stated therein, the undersigned recommends that the Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(2), (4) and (5) for insufficient service of process.

1

Defendants' Motion to Dismiss under Rule 12(b)(6) was not reached by Judge Cayer. In addition to those reasons, Judge Cayer discussed efforts the court made to provide plaintiff with an opportunity to respond to such motions, which he never did, despite receiving a <u>Roseboro</u> warning and being allowed additional time to respond.

In his Objections, filed in the form of a "Response," plaintiff contends that his failure to serve process or respond in a timely manner was due to a number of health concerns which caused him to be "confused and mentally and emotionally unalert …." Objections (#14) at 1. In their "Reply" to plaintiff's Objections (which, for the sake of simplicity, the court considers to be a Response to plaintiff's Objections under Rule 72(b)(2)), defendants argue that while plaintiff's "health conditions are a sympathetic concern, Plaintiff's failure do properly result in the Court's decision to dismiss his case, without prejudice, for the service deficiencies." Response (#15) at 2 (error in original).

Inasmuch as Judge Cayer recommended allowing the Rule 12(b)(2), (4), and (5) motions to dismiss for the reasons stated in defendants' brief, the court has referenced relevant portions of defendants' supporting brief, which provides in relevant portions of the "Summary of Argument" as follows:

> Plaintiff has failed to properly serve any party, as the Rules of Civil Procedure clearly state that service of process may not be made by a party, and that certified mail, which may be valid in North Carolina State Court, is not proper when a pro se plaintiff attempts to serve any defendant. In addition, no service can be conferred on defendants in their individual capacities without personal service as set forth by law, or without service upon an authorized agent. Further, State law dictates the proper method for serving a local government. Gaston County cannot be served by delivering the Summons and Complaint to the County attorney. The attempted service of process should be quashed as to every defendant. Also, both Duncan and Campbell are fictitious persons and should be removed as defendants.

Defendants' Brief in Support of Motion to Dismiss (#8) at 2-3.

First, defendants argued that the action be dismissed because plaintiff effectuated service himself by sending process via certified mail rather than by employing a non-party adult to accomplish such task. In Knotts v. Univ. of N.C. at Charlotte, No. 3:08cv478, 2011 WL 650493, at *9 (W.D.N.C. Feb. 10, 2011), this court's colleague found that while North Carolina service rules were adopted under Rules 4(e) and 4(j), which would allow for service by certified or registered mail of individual and local government defendants, the federal rules still required that such service be effectuated by a non-party under Rule 4(c). Id. Thus, defendants are correct that while the method of service may have been proper, plaintiff was not allowed to mail such process. The Court of Appeals for the Fourth Circuit has held as follows:

> When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir.1984). Acknowledging that rules are there for the orderly disposition of cases and are to be followed even by pro se litigants, courts traditionally allow pro se plaintiffs a chance to remedy technical insufficiencies in service of process. Miller v. Nw. Region Library Bd., 348 F.Supp.2d 563, 567 (M.D.N.C. 2004). It is clear that plaintiff has attempted to serve the parties as evidenced by the envelopes defendants have provided to the court, showing plaintiff's diligence, and defendants have come forward with no compelling reason why

they would be prejudiced if previous service was quashed and plaintiff allowed a second chance to serve them correctly. As plaintiff has not been allowed a chance to first remedy this deficiency before dismissal, the court not adopt the recommendation, but will quash previous service and allow plaintiff an opportunity remedy his technical errors.

Second, defendant argued that Defendant Gaston County was improperly served as process was served on the county attorney rather than the county manager or the chairman, clerk, or any member of the Gaston County Board of Commissioners. Plaintiff is correct that under North Carolina law, the county attorney is not a proper person upon whom to effectuate service of process when the defendant is the county. Johnson v. City of Raleigh, 98 N.C.App. 147, 149 (1990), *disc. review denied*, 327 N.C. 140 (1990). While the court agrees that the pro se litigant erred, plaintiff has not been afforded an opportunity to correct this technical error.

Defendants' substantive arguments concerning improper or ineffective service end at this point in their brief. The contention that "both Duncan and Campbell are fictitious persons and should be removed as defendants," is not supported with legal argument, but is supported with an affidavit that persons with those surnames are unknown to the Sheriff who would have employed them. In the conclusion of the brief, defendants state "pursuant to Rule 12(b)(2), …. no jurisdiction can be conferred on fictitious persons." Defendants' Brief in Support (#8) at 24. Lacking legal guidance from defendants on this issue, the court has reviewed current law which suggests that "asking whether the Court has personal jurisdiction over the fictitious supervisor named in Plaintiffs complaint … 'makes no sense' because personal jurisdiction 'can only be evaluated once the identity

4

of the defendant is ascertained.'" Pyle v. City of Harlingen, 2014 WL 1230026, *2 (S.D.Tex. March 20, 2014). Other federal courts in Texas have held that "[p]laintiffs, even those proceeding in forma pauperis, have a duty to provide information sufficient to identify the defendants. Courts lack personal jurisdiction over unidentified fictitious defendants." King v. Forest, 2008 WL 4951049, *4 (N.D.Tex. Nov. 14, 2008). While only persuasive, such decisions reflect that courts have an affirmative duty to terminate fictitious defendants, but only after a plaintiff has had an opportunity to answer the jurisdictional concerns. Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNA-TOVSKIY, 242 F.3d 322, 325 (5th Cir. 2001).

While it is beyond dispute that Judge Cayer afforded plaintiff ample opportunities to respond to the Motion to Dismiss, plaintiff has now alleged that such failure was due to medical issues which caused mental impairments during the response period. While plaintiff does not elaborate on such issues, the public records of the North Carolina State Bar provide support to such argument inasmuch as the somewhat dated disciplinary decisions of that body indicate that plaintiff (now an inactive North Carolina attorney) suffers from severe mental health issues, takes strong prescribed medication, and is under the care of a physician. See In Re License of James T. Stroud, Jr., No. 06CVS4545 (N.C.Gen.Ct. of J., Gaston Co. 2008) (Ervin, Superior Ct. J.). Thus, it would be premature to summarily dismiss these fictitious defendants as the court is not confident that plaintiff has had a meaningful opportunity to respond.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, the court determines that while the recommendation of the magistrate judge is fully consistent with and supported by current law concerning proper service, it does not take into account what appears to be overwhelming authority in the circuit that courts should allow litigants to cure technical rule violations, as discussed above. While the magistrate judge was not made aware of plaintiff's alleged incapacity during the response period, that illness, coupled with the preference in the Fourth Circuit that pro se litigants be afforded an opportunity to cure technical deficiencies and have their cases decided on the merits, counsel this court to Order as

follows:

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#13) is **OVERRULED**, and defendants' Motion to Dismiss under Rule 12(b)(2), (4), and (5) (#7) is **DENIED** and the Motion to Dismiss Under Rule 12(b)(6) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that previous service of process is **QUASHED** and the Clerk of Court is instructed to reissue summonses and make sufficient copies of the Complaint for service by the United States Marshal.

**IT IS FURTHER ORDERED** that in accordance with Rule 4(c)(3), the United States Marshal is instructed to effectuate such service in the manner provided under Rule 4 as to each defendant without plaintiff providing prepayment of such costs or giving security therefore. Along with the certificate of service, the Marshal may include therewith a copy of expenses incurred in such service, which the court may elect to collect at the conclusion of this matter as part of a Bill of Costs.

Signed: July 1, 2014

Max O. Cogburn Jr.
United States District Judge